

THE CITY OF NEW YORK

**ZACHARY W. CARTER**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Gerald E. Singleton
Phone: (212) 356-2036
Fax: (212) 356-2038
E-mail: gsinglet@law.nyc.gov

October 9, 2015

**VIA ECF**
Honorable Colleen McMahon
Honorable Gregory Woods
Honorable John G. Koeltl
United States District Judges
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   Notification of Related Cases Per Local Civil Rule 1.6

         <u>Hawk Technology Systems, LLC v. New York City Health and Hospitals</u> Corporation, 15-cv-6005 (CM)

         <u>Hawk Technology Systems, LLC v. Accor North America Corporation et al.</u> 15-cv-5692 (GHW)

         <u>On-Net Surveillance Systems, Inc. v. Hawk Technology Systems, LLC,</u> 15-cv-6653 (JGK)

Dear Honorable Judges McMahon, Woods and Koeltl:

       As attorney for defendant New York City Health and Hospitals Corporation ("HHC") in the first case referenced above, which is assigned to Judge McMahon, I am writing pursuant to Local Civil Rule 1.6 of the United States District Courts for the Southern and Eastern Districts of New York to bring to Your Honors' attention all facts that I believe are relevant to a determination concerning whether the above cases should be heard by the same Judge as related cases, in order to avoid unnecessary duplication of judicial effort. These three cases involve a non-practicing patent assertion entity, Hawk Technology LLC ("Hawk"). Hawk alleges that

Hon. Colleen McMahon, Gregory H. Woods and John G. Koeltl
October 9, 2015

HHC has infringed Claim 12 under an expired reissue patent (the '462 Patent) for a video monitoring and conferencing system that Hawk allegedly acquired in 2012. Since February 2013, Hawk has filed more than 100 patent infringement suits against customers of various manufacturers of video equipment, but not a single case against a manufacturer. HHC is a customer; it does not manufacturer or sell video equipment. The case pending before Judge Woods is also a customer suit. Customer defendants have little inclination to litigate, given the tremendous costs associated with patent litigation, and Hawk has settled more than 80 such cases prior to any discovery. Two other earlier filed "related" cases in this this Court, <u>Hawk Technology Systems, LLC v. Vassar College</u>, 15-cv-4847 (ALC) and <u>Hawk Technology Systems, LLC v. Strand Book Store, Inc.</u>, 15-cv-4207 (KPF), were recently settled or voluntarily discontinued without prejudice prior to the initial pre-trial conference. The Complaints in those cases were virtually identical to the cases now before Judges McMahon and Woods.

The case before Judge Koeltl with On-Net Surveillance Systems, Inc. as plaintiff is simply the latest in a series of actions by manufacturers seeking to protect their customers. To date, seven other manufacturers have filed affirmative litigations against Hawk seeking declarations of patent invalidity and non-infringement that have been settled pursuant to confidential agreements which we believe contain licenses for the manufacturers' customers. On-Net is seeking, among other things, a declaration of invalidity and unenforceability with respect to the '462 Patent.

There has no significant activity by the Court in any of the afore-mentioned cases to date. The initial pre-trial conference is scheduled in the HHC case before Judge McMahon on October 23, 2015; and in the case before Judge Woods on October 21, 2015, and in the case before Judge Koeltl on November 2, 2015. Hawk's counsel is the same in all three cases and the complaints in the two cases in which Hawk is the plaintiff are virtually identical. Hawk, however, has not made any contention of relatedness or filed a Related Case Statement, nor has it informed the Court of all relevant facts necessary for the Court to make a determination of relatedness pursuant to Rule 1.6.

HHC intends to vigorously defend the action against it and file an answer that substantially mirrors the complaint filed by On-Net Surveillance Systems, Inc. Similar legal issues are likely to arise in the three pending actions. Accordingly, consideration should be given to whether these cases should be heard by a single judge in accordance with Local Rule 13 for the Division of Business Among Judges.

Respectfully submitted,

*/s/ Gerald E. Singleton*
Gerald E. Singleton

cc:     All Counsel of Record (Via ECF)