ZACHARY W. CARTER, ESQ.
Corporation Counsel of the City of New York
Attorney for Plaintiff the City of New York
100 Church Street, Room 20-093
New York, New York 10007
Of Counsel: Gerald E. Singleton, Esq. (GS-4750)
(212) 356-2036
gsinglet@law.nyc.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

HAWK TECHNOLOGY SYSTEMS, LLC,

                                   Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                   Defendant.

**ECF CASE**

15 Civ. 6005 (CM)

**ANSWER and
COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------- x

       Defendant, New York City Health and Hospitals Corporation ("HHC"), by its attorney, Zachary W. Carter, Esq., Corporation Counsel of the City of New York, as and for its Answer to the Complaint dated July 30, 2015 (the "Complaint"), filed by Plaintiff Hawk Technology Systems, LLC, ("Plaintiff" or "Hawk"), respectfully alleges as follows:

## NATURE OF ACTION

       1.      Admits that paragraph 1 of the Complaint purports to allege an infringement of United States Patent No. RE43,462 ("the '462 Patent') and that the '462 Patent is a reissue of United States Patent No. 5,562,410 ("the '410 Patent"). HHC otherwise denies that remaining allegations of Paragraph 1 of the Complaint, and specifically denies that the claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.

2. Admits that Paragraph 2 of the Complaint purports to reproduce the Abstract of the '462 Patent.

## PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Admits the allegations contained in paragraph 6 of the Complaint, except denies any infringement by HHC under the Patent Laws of the United States.

7. Admits that this Court has personal jurisdiction over HHC, but otherwise denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

### Claim 12 of the '462 Patent

16. Admits that paragraph 16 of the Complaint purports to reproduce Claim 12 of the '462 Patent.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and denies that HHC has infringed Claim 12 of the '462 Patent.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

### COUNT I; DIRECT INFRINGEMENT OF THE '462 PATENT

23. In response to the allegations incorporated by reference in paragraph 23 of the Complaint, repeats and re-alleges paragraphs 1 through 22 hereof as if set forth at length herein.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

## REQUESTED RELIEF

HHC denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

HHC asserts the following defenses on information and belief, without prejudice to its rights to modify or withdraw any defense and/or assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Hawk does not own the '462 Patent and/or does not have standing to assert or bring any claims thereunder.

## THIRD AFFIRMATIVE DEFENSE

HHC has not and is not performing any act that would contribute to the infringement of, induce the infringement of, or otherwise directly, indirectly, or jointly infringe any claim of the '462 Patent either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the '462 Patent are invalid because they do not comply with the statutory requirements of patentability enumerated in 35 U.S.C. § 100 *et seq,*, including but not limited to §§ 101, 102, 103, 112, 116 and 132.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from enforcing the claims of the '462 Patent under the doctrines of abatement, and absolute and/or equitable intervening rights under 35 U.S.C. § 252 due to plaintiff having amended its claim in the '462 Patent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting that HHC infringes the claims of the '462 Patent under the doctrine of equivalents by reason of statements made to the United States Patent and Trademark Officer ("USPTO") during the prosecution of the application that led to the issuance of the '410 Patent and the '462 Patent, and amendments made to those claims.

For example, and without limitation, the patent owner made narrowing amendments to claim 12 of the '462 Patent in a June 22, 2009 response to an Office Action during prosecution of the re-issue application. These amendments were made to, among other things, overcome a rejection under 35 U.S.C. § 101 and narrowed claim 12. Plaintiff is not entitled to assert these added limitations are satisfied under the doctrine of equivalents.

As another non-limiting example, in an October 1, 2010 Amendment during the prosecution of the re-issue application, the patent owner characterized prior art that provides" a change to the spatial parameters of the image [but] not to the temporal parameters (such as the image frame rate)" as not satisfying the "feature claimed in independent claims 8,12,15,17,25, and 29," e.g., in claim 12, "converting one or more of the video source images into a data storage format using a second set of temporal and spatial parameters associated with each image."

As another non-limiting example, in the same October 1, 2010 Amendment, the patent owner distinguished its claims from U.S. Patent No. 5,619,995 (the "Lobodzinski" patent), another prior art reference cited against the claims. The patent owner characterized the prior art reference and state, "[a] feature of this system is the recording of all frames of video, so no modification of the frame rate is permitted . . . therefore, the signal stored is identical to the signal displayed, under all circumstances while the test data is recorded. The patent owner later stated that "[n]o such provisions are disclosed in the specification of Lobodzinski, so there are no

provisions therein for varying the temporal parameters (such as frame rate) of the stored recording of the testing video." The patent owner provided additional characterizations of the scope of the claims in the October 1, 2010 response.

Without limitation and by way of example only, the above arguments limit plaintiff's ability to assert infringement under the doctrine of equivalents for at least these limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Hawk's claims are barred under the doctrine of patent exhaustion. By way of example and without limitation, HHC purchased the video system at issue from Intelligent Security Systems ("ISS"). Upon information and belief, ISS designed the accused instrumentalities and made substantial preparations related to the making, using, offering to sell, selling, or importing the accused instrumentalities prior to June 12, 2012. As such, ISS's making, using, offering to sell, selling, or importing of the accused instrumentalities is allowed under 35 U.S.C. § 252, and Plaintiff's rights with respect to those products have been exhausted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are at least limited to only those damages occurring after HHC received actual notice that it was allegedly infringing the '462 Patent because neither Plaintiff nor its predecessors-in-interest have satisfied the requirements for obtaining damages under 35 U.S.C. § 287. Furthermore, Plaintiff has licensed one or more entities to sell and/or use products that Plaintiff accused of infringing the '410 and '462 Patents without ensuring that those products were properly marked.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Hawk, its licensees, or its predecessors-in-interest, failed to properly notify HHC of the actions alleged to infringe the '462 Patent, HHC is not liable for those

allegedly infringing actions undertaken before HHC had actual knowledge or notice of allegations that it was infringing the '462 Patent. Plaintiff's claim is barred in whole or in part by its laches.

### TENTH AFFIRMATIVE DEFENSE

Hawk's claims are barred in whole or in part because the reissuance of the '462 Patent gave rise to intervening rights pursuant to 35 U.S.C. § 252 as of June 12, 2012, the date of reissuance of the '462 Patent. HHC has rights arising from its purchase and use of the video monitoring system at issue before the reissue of the '462 Patent. Additionally, upon information and belief, the claims of the '462 Patent were amended during reissue proceedings causing substantive change to the scope of the claims, In particular, all three of the independent claims of the '462 Patent were amended substantially during reissue proceedings. Amendments to claim 12 included adding the limitation, "converting one or more of the video source images into a data storage format" and deleting the limitation, "simultaneously storing the displayed images."

### ELEVENTH AFFIRMATIVE DEFENSE

Hawk's claims are precluded in whole or in part to the extent that any allegedly infringing products or services were supplied, directly or indirectly, to HHC by an entity or entities having an express or implied license to the '462 Patent.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief and prayer for damages are barred or limited by at least 35. U.S.C. § 286.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrine of waiver, estoppel and acquiescence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any infringement that may have occurred was de minimus.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff HHC, by way of counterclaim against Hawk, alleges:

## NATURE OF COUNTERCLAIMS

26. HHC seeks a declaratory judgment of non-infringement and invalidity of the '462 Patent and that HHC intervening rights and a license with respect to the '462 Patent. HHC also seeks a declaratory judgment that the '462 Patent is unenforceable due to laches and a failure to mark products with the patent number.

## THE PARTIES

27. HHC is a not-for-profit public benefit corporation organized and existing under the laws of the State of New York with its principal executive office located at 125 Worth Street, New York, New York 10007. HHC operates a municipal integrated healthcare system of hospitals, neighborhood health centers, long-term care, nursing homes and home care serving residents of the City of New York.

28. Hawk is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

29. Upon in formation and belief, Hawk is a patent assertion entity, i.e., a patent troll, that was formed in 2012 for the sole of monetizing claims under the '462 Patent by filing

lawsuits for patent infringement and then negotiating quick and confidential settlements for license fees far lower than the cost to defend the litigation.

## JURISDICTION AND VENUE

30. This Court has subject matter jurisdiction over the Counterclaims pursuant to U.S.C. §§ 1331, 1338, 2201 and 2202.

31. This Court has personal jurisdiction and venue is appropriate because Hawk has consented to jurisdiction and venue in this Court by filings its claims for patent infringement in this Court, in response to which these Counterclaims are asserted.

## THE PATENT AT ISSUE

32. U.S. Patent No. 5,625,410 ("the '410 Patent") issued on April 29, 1997 from patent serial application number 08/418,823, which was filed on April 7, 1995. On April 28, 1999, a reissue application for the '410 Patent was filed.

33. During the prosecution of the reissue application serial no. 09/301,656, the patentees declared that "our issued patent is at least partially inoperative or invalid in that we claim less than we had the right to claim."

34. During the prosecution of the reissue, the patent applicants amended the language and scope of the original claims of the '401 Patent and also added new claims.

35. On June 12, 2012, the '410 Patent was surrendered and reissued as the '462 Patent, which includes no claim whose scope is substantially identical to the scope of any corresponding claim in the original '410 Patent.

36. In a lawsuit for legal malpractice against the law firm that prosecuted the reissue application, Hawk alleged in paragraphs 10-11, "During the prosecution of the reissue, the Firm needlessly and negligently altered the text of the '410 patent's independent claims in such a

manner that they are no longer substantially identical to the original claims. The Firm committed legal malpractice by unnecessarily broadening the claims of the '410 Patent."

37. The '462 Patent is entitled "Video Monitoring and Conferencing System." The '462 Patent identifies the alleged inventors as Kinya Washino and Barry H. Schwab.

38. One of the inventors, Barry H. Schwab, assigned all of his rights in the '410 Patent to the other inventor, Kinya Washino, who then assigned of his right, title and interest in the '410 Patent to Multi-Format, Inc.

39. Upon information and belief, neither Multi-Format, Inc. nor its licensees properly marked products covered by the '410 or '462 Patents with the patent number as required by 35 U.S.C. § 287.

## HAWK'S ACTIVITIES

40. Upon information and belief, Hawk is a non-practicing entity.

41. Hawk claims to be the owner by assignment of the '462 Patent.

42. Upon information and belief, Hawk acquired its rights in the '462 Patent by virtue of an assignment from Multi-Format, Inc.

43. Upon information and belief, Hawk was formed on June 8, 2012, four days prior to the issuance of the '462 Patent.

44. Hawk does not mark any products with the patent number of the '462 Patent.

45. Hawk has not in any license, settlement, or other agreement required any licensee or other third party to mark products with the patent number of the '462 Patent.

46. Upon information and belief, Hawk does not receive any profit from its alleged ownership of the '462 Patent without obtaining licensing fees from other entities.

47. Since February 2013, Hawk has filed more than one hundred (100) lawsuits for infringement of the '462 Patent in federal courts throughout the United States. Approximately forty-four (44) of these patent infringement suits have been filed this year.

48. Upon information and belief, Hawk targets large entities with substantial resources that presumably are familiar with the high costs of litigation and therefore are more likely to being willing to pay significant sums to settle rather than litigate alleged infringement claims.

49. Hawk has not pursued discovery in any of the cases it has filed to date and has not pursued a default judgment against any defendant who has failed to appear. In cases where a defendant has failed to appear, Hawk has filed a voluntary dismissal of the action without prejudice.

50. Upon information and belief, Hawk settles cases based on negotiating license fees that are tied to the avoidance of litigation costs.

51. Several vendors of the products whose customers have been accused of infringing the '462 Patent have filed actions against Hawk seeking, among other things, a declaratory judgment of non-infringement and invalidity of the '462 Patent, but all such cases have been settled without a ruling on the merits.

52. Upon information and belief, the settlement agreements with the vendors of accused products contain licenses in favor of customers and downstream users, including HHC.

53. In addition, HHHC uses an analog system that does not infringe upon the '462 Patent.

### COUNT I – Declaratory Judgment of Non-Infringement of '462 Patent

54. HHC repeats and re-alleges paragraphs 27 to 53 as if fully set forth herein.

55. Hawk claims to be the owner of all legal rights, title and interest in the '462 Patent.

56. Hawk contends that HHC has infringed the '462 Patent.

57. HHC contends that it has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '462 Patent.

58. As such, an actual and justiciable controversy exists between HHC and Hawk as to whether the '462 Patent has been infringed by HHC. A judicial declaration is necessary and appropriate so that HHC may ascertain its rights regarding the '462 Patent.

59. Pursuant to 28 U.S.C. §§ 2201 and 2202, HHC respectfully requests the Court to enter a judgment declaring that HHC has not infringed any valid claim of the '462 Patent.

### COUNT II – Declaratory Judgment of Invalidity of the '462 Patent

60. HHC repeats and re-alleges paragraphs 27 to 53 as if fully set forth herein.

61. Hawk contends that Claim 12 of the '462 Patent is valid and enforceable.

62. HHC contends that Claim 12 of the '462 Patent is invalid and unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C.§ 1 et seq., including but not limited to sections 101, 102, 103, 112 and/or 251.

63. For example, at least Claim 12 of the '462 Patent is invalid under 35 U.S.C. § 102 as being anticipated by U.S. Patent No. 5,375,068 to Palmer et al., filed June 3, 1992.

64. As another example, at least Claim 12 of the '462 Patent is invalid under 35 U.S.C. § 112, first paragraph, as failing to be supported by an adequate written description of the claim terms "spatial parameters and temporal parameters," for which there is no disclosure in the specification. The inventors of the '410 Patent were not in possession of the inventions of Claim

12 of the '462 Patent as of the filing date of the '410 Patent. In addition, Claim 12 of the '462 Patent lack enablement pursuant to 35 U.S.C. § 112, first paragraph, due to the lack of disclosure and written description of the claim terms "spatial parameters and temporal parameters."

65. As such, an actual and justiciable controversy exists between HHC and Hawk as to whether the '462 Patent has been infringed by HHC. A judicial declaration is necessary and appropriate so that HHC may ascertain its rights regarding the '462 Patent.

66. Pursuant to 28 U.S.C. §§ 2201 and 2202, HHC respectfully requests the Court to enter a judgment declaring that HHC that the '462 Patent is invalid and unenforceable.

### COUNT III – Declaratory Judgment of Intervening Rights

67. HHC repeats and re-alleges paragraphs 27 to 53 as if fully set forth herein.

68. As of June 12, 2012, when the '462 Patent was reissued, HHC had spent years establishing its video monitoring system, including the acquisition of products and services from outside vendors at substantial cost.

69. Each of the original independent claims of the '462 Patent was amended during reissue, and therefore the scope of each of the claims of the '462 Patent was broadened during reissue.

70. Each of the amended and new claims of the '462 Patent is not substantially identical to any of the claims of the '410 Patent as originally issued.

71. HHC is entitled to absolute and equitable intervening rights pursuant to U.S.C. § 252.

72. As such, an actual and justiciable controversy exists between HHC and Hawk as to whether HHC has intervening rights. A judicial declaration is necessary and appropriate so that HHC may ascertain its rights regarding the '462 Patent.

73. Pursuant to 28 U.S.C. §§ 2201 and 2202, HHC respectfully requests the Court to enter a judgment declaring that HHC has intervening rights pursuant to 35 U.S.C. § 252.

### COUNT IV – Declaratory Judgment of Unenforceability Due to Laches

74. HHC repeats and re-alleges paragraphs 27 to 53 as if fully set forth herein.

75. Upon information and belief, Hawk's claims against HHC are based on publicly available information that was displayed on the website of Intelligent Security Systems ("ISS") at www.isscctv.com.

76. On information and belief, Hawk and the prior owners of the '462 and '410 Patents have been, or should have been, aware of ISS's website, products and services for many years.

77. On information and belief, Hawk and the prior owners of the '462 and '410 Patents delayed bringing a patent infringement lawsuit against HHC and users of ISS's products.

78. On information and belief, this delay is unreasonable and inexcusable.

79. Hawk's delay has caused economic and evidentiary prejudice to HHC.

80. Hawk is barred in whole or in part from enforcing the '462 Patent, or otherwise barred from obtaining damages fro any alleged infringement of the '462 Patent under the doctrine of laches.

81. By reason of the foregoing, an actual and justiciable controversy exists to whether Hawk's claims are barred by laches. A judicial declaration is necessary and appropriate so that HHC may ascertain its rights regarding the '462 Patent.

82. Pursuant to 28 U.S.C. §§ 2201 and 2202, HHC respectfully requests the Court to enter a judgment declaring that Hawk's damage claims are barred by laches.

## COUNT V – Declaratory Judgment Regarding Failure to Mark

83.     HHC repeats and re-alleges paragraphs 27 to 53 as if fully set forth herein.

84.     Upon in formation and belief, neither Hawk nor the prior owner of the '462 Patent, Multi-Format, Inc., properly marked all relevant products covered by the '462 Patent as required by 35 U.S.C. § 252.

85.     Upon information and belief, all licensees of the '462 Patent have not properly marked their relevant products as required by 35 U.S.C. § 252.

86.     In the prosecution of the parent '410 Patent, the prior owner of the '462 Patent, Multi-Format, Inc., stated that it was no longer entitled to small entity status as of May 1998. Upon information and belief, Multi-Format, Inc. never became a large entity, but rather lost small entity status because it licensed the '410 Patent and any continuations and/or reissues thereof to a large entity. In the prosecution of the reissue application, the prior owner of the '462 Patent, Multi-Format, Inc., stated on September 3, 2002, that the reissue application was no longer entitled to small entity status. Upon information and belief, Multi-Format, Inc. never became a large entity, but rather lost small entity status because it licensed the reissue application 09/301,656 to a large entity on or around September 3, 2002. Upon information and belief, the large entity or entities to which the '401 and '462 Patents were licensed did not mark all relevant products covered by the '462 Patent as required by 35 U.S.C. § 252.

87.     Prior to the filing of this lawsuit, HHC had no actual notice that it was allegedly infringing claims of the '462 Patent.

88.     By reason of the foregoing, Hawk is barred from recovering damages for any alleged infringement of the '462 patent before the term of the '462 Patent expired.

89.     An actual and justiciable controversy exists to whether Hawk's damage claims are barred by the failure to mark products as required by 35 U.S.C. § 252. A judicial declaration is necessary and appropriate so that HHC may ascertain its rights regarding the '462 Patent.

90.     Pursuant to 28 U.S.C. §§ 2201 and 2202, HHC respectfully requests the Court to enter a judgment declaring that Hawk's damage claims are barred by the failure to mark products as required by 35 U.S.C. § 252.

### COUNT VI – Declaratory Judgment of a License

91.     HHC repeats and re-alleges paragraphs 27 to 53 as if fully set forth herein.

92.     Upon information and belief, on August 27, 2012, Avigilon Corp. ("Avigilon") filed suit against Hawk Patent in the United States District Court for the Southern District of Florida, Case No. 12-cv-23009, requesting a declaratory judgment of non-infringement of the '462 Patent and that Avigilon had intervening rights with respect to the '462 Patent. Upon information and belief, in settlement thereof no later than June 14, 2013, Hawk covenanted that it would not sue Avigilon and its affiliates, agents, suppliers, contract manufacturers, customers, integrators, value added resellers, OEM partners, importers, distributors, software licensees or product end-users for infringement of the '462 Patent.

93.     Upon information and belief, on November 23, 2013, Genetec Inc. ("Genetec") filed suit against Hawk Patent in the United States District Court for the Southern District of Florida, Case No. 13-cv-24325, requesting a declaratory judgment of non-infringement and invalidity of the '462 Patent and that Genetec had intervening rights with respect to the '462 Patent. Upon information and belief, in settlement thereof no later than August 5, 2014, Hawk covenanted that it would not sue Genetec and its affiliates, agents, suppliers, contract

manufacturers, customers, integrators, value added resellers, OEM partners, importers, distributors, software licensees or product end-users for infringement of the '462 Patent.

94. Upon information and belief, on June 2, 2014, Milestone Systems, Inc. ("Milestone") filed suit against Hawk in the United States District Court for the District of Florida, Case No. 14-cv-22030, requesting a declaratory judgment of non-infringement and invalidity of the '462 Patent and that Milestone had intervening rights with respect to the '462 Patent. Upon information and belief, in settlement thereof no later than October 23, 2014, Hawk covenanted that it would not sue Milestone and its affiliates, agents, suppliers, contract manufacturers, customers, integrators, value added resellers, OEM partners, importers, distributors, software licensees or product end-users for infringement of the '462 Patent.

95. Upon information and belief, on December 11, 2014, Video Insight Inc. ("Video Insight") filed suit against Hawk Patent in the United States District Court for the Southern District of Florida, Case No. 14-cv-24683, requesting a declaratory judgment of non-infringement and invalidity of the '462 Patent and that Video Insight had intervening rights with respect to the '462 Patent. Upon information and belief, in settlement thereof no later than February 9, 2015, Hawk covenanted that it would not sue Video Insight and its affiliates, agents, suppliers, contract manufacturers, customers, integrators, value added resellers, OEM partners, importers, distributors, software licensees or product end-users for infringement of the '462 Patent.

96. Upon information and belief, on February 17, 2015, March Networks Corp. ("March") filed suit against Hawk Patent in the United States District Court for the Southern District of Florida, Case No. 15-cv-20728, requesting a declaratory judgment of non-infringement and invalidity of the '462 Patent and that March had intervening rights with respect

to the '462 Patent. Upon information and belief, in settlement thereof no later than April 23, 2015, Hawk covenanted that it would not sue March and its affiliates, agents, suppliers, contract manufacturers, customers, integrators, value added resellers, OEM partners, importers, distributors, software licensees or product end-users for infringement of the '462 Patent.

97. Upon information and belief, on February 20, 2015, Aimetis Corp. ("Aimetis") filed suit against Hawk Patent in the United States District Court for the Southern District of Florida, Case No. 15-cv-20728, requesting a declaratory judgment of non-infringement and invalidity of the '462 Patent and that Aimetis had intervening rights with respect to the '462 Patent. Upon information and belief, in settlement thereof no later than April 23, 2015, Hawk covenanted that it would not sue Aimetis and its affiliates, agents, suppliers, contract manufacturers, customers, integrators, value added resellers, OEM partners, importers, distributors, software licensees or product end-users for infringement of the '462 Patent.

98. Upon information and belief, on June 15, 2015, Dallmeier Electronic USA Inc. "Dallmeier") filed suit against Hawk Patent in the United States District Court for the Northern District of California, Case No. 15-cv-2504, requesting a declaratory judgment of non-infringement and invalidity of the '462 Patent and that Dallmeier had intervening rights with respect to the '462 Patent. Upon information and belief, in settlement thereof no later than August 27, 2015, Hawk covenanted that it would not sue Dallmeier and its affiliates, agents, suppliers, contract manufacturers, customers, integrators, value added resellers, OEM partners, importers, distributors, software licensees or product end-users for infringement of the '462 Patent.

99. Upon information and belief, HHC obtained a license to the '462 Patent by reason of the settlements in one or more of the aforementioned lawsuits against Hawk.

100.    Alternatively, Hawk's patent rights in the '462 Patent have been exhausted by virtue of the licenses in and settlements in one or more of the foregoing lawsuits against Hawk.

101.    An actual and justiciable controversy exists as to whether HHC has a license to the '462 Patent. A judicial declaration is necessary and appropriate so that HHC may ascertain its rights regarding the '462 Patent.

102.    Pursuant to 28 U.S.C. §§ 2201 and 2202, HHC respectfully requests the Court to enter a judgment declaring that Hawk's damage claims are barred by the failure to mark products as required by 35 U.S.C. § 252.

**WHEREFORE**, HHC demands judgment as follows:

(1)    Dismissing each of the claims alleged in the Complaint with prejudice and without costs;

(2)    Awarding judgment to HHC on its counterclaims declaring that HHC has not infringed the '462 Patent; that the '462 Patent is invalid and unenforceable; and that HHC is entitled to intervening rights pursuant to 35 U.S.C. § 252;

(3)    Awarding HHC the costs and expenses of this action, including reasonable attorneys' and expert fees; and

(4)    Granting HHC such other and further relief as the Court may deem just and proper.

## JURY DEMAND

HHC demands a jury trial of all issues triable by a jury.

Dated:  New York, New York
        October 19, 2015

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                    City of New York
                                *Attorney for Plaintiff*
                                100 Church Street, Room 20-093
                                New York, New York 10007
                                (212) 356-2036

                                By: _____
                                    Gerald E. Singleton (GS-4750)